[File No. 1370.]

## STATE OF NORTH DAKOTA, Plaintiff, v. E. A. DONNELLY, Defendant.

(276 N. W. 695.)

Opinion filed December 24. 1937.

*Roy A. Ilvedson,* State's Attorney, and *Milton K. Higgins,* Assistant Attorney General, for plaintiff.

*E. R. Sinkler* and *G. O. Brekke* and *H. L. Halvorson,* for defendant.

PER CURIAM. At the regular November, 1937, term of the district court of Ward county a grand jury presented an accusation for the removal of the defendant as a county commissioner of said Ward county. Issue was joined on the 16th day of November, 1937. On the 19th day of November, 1937, the defendant filed an affidavit of prejudice against the Hon. John C. Lowe, who presided as trial judge at said term of the district court. On the 26th day of November, 1937, this court entered an order designating the Hon. W. J. Kneeshaw, one of the judges of the second judicial district, to act in the place and stead of the said Judge Lowe. The regular December, 1937, term of the district court of Ward county opened on the 6th day of December, 1937, and the above entitled proceeding appeared upon the calendar of said term for trial. After the opening of said term and on or about the 7th day of December, 1937, the state filed an affidavit of prejudice against Judge Kneeshaw. The statute relating to the filing of an affidavit of prejudice against a district judge provides: "When either party to a criminal or civil action pending in any of the district courts of the state, shall after issue joined and before the opening of any regular, special or adjourned term at which the cause is to be tried file an affidavit stating that he has reason to believe and does believe that he cannot have a fair and impartial trial or hearing before the judge of the district court by reason of the bias and prejudice of such judge, the court shall proceed no further in the action and shall thereupon be disqualified to do any further act in said cause; provided that where the information in a criminal action is filed in term time such affidavit may be filed at any time before trial." Laws 1923, chap. 331, § 1.

Counsel for the state concede that plaintiff is not entitled to file an affidavit of prejudice against Judge Kneeshaw under the above quoted statutory provisions as a matter of right but they contend that the affidavits submitted by them show sufficient cause entitling the state to have another judge designated to sit in all further proceedings therein instead of Judge Kneeshaw and that this court should make such designation in the exercise of its jurisdiction of general superintending control over inferior courts.

We are agreed that the state is not entitled to file an affidavit against Judge Kneeshaw under the statute as a matter of right. And after

78

careful consideration of the affidavits submitted we are agreed that no showing has been made warranting this court in designating another judge to act in the place of Judge Kneeshaw, if the application is considered as one not within the statute.

The application of the state therefore is denied and the designation formerly made of Judge Kneeshaw will stand.

Upon the oral argument it was admitted that an order had been made by one of the judges of the fifth judicial district (the district in which Ward county is situated), discharging the jury. This order was erroneous. The statute relating to the change of judges provides: "After the filing of such affidavit of prejudice with the Clerk of the District Court no juror shall be excused except for good cause shown to the incoming judge and by such incoming judge." Laws 1923, chap. 331, § 6. See also, State v. Reilly, 25 N. D. 339, 141 N. W. 720.

The erroneous discharge of the jury may be corrected by appropriate order by Judge Kneeshaw.

CHRISTIANSON, Ch. J., and BURR, NUESSLE, and MORRIS, JJ., concur.

SATHRE, J. (disqualified) did not participate.